## PORTER v. CONSOLIDATED BADGER COOPERATIVE.

### No. 9015.

Circuit Court of Appeals, Seventh Circuit.
Nov. 8, 1946.

Amos J. Coffman, George E. Leonard and Jacob Cohen, OPA, all of Chicago, Ill., and George Moncharsh, Milton Klein, David London, Abraham H. Maller, Atty., OPA, Albert M. Dreyer, Chief, Appellate Branch, OPA, all of Washington, D. C., for appellant.

Matthew M. Wallrich, of Shawano, Wis., for appellee.

Before MAJOR and MINTON, Circuit Judges, and HOLLY, District Judge.

MINTON, Circuit Judge.

The plaintiff, the Administrator of the Office of Price Administration, brought this action against the defendant, a farmer cooperative of Wisconsin, for treble damages for the sale of condensed skim milk above the ceiling fixed by Maximum Price Regulation 280, as amended, promulgated pursuant to the Emergency Price Control Act of 1942.[1] The defendant was a handler of milk in the Chicago Area within the meaning of the Agricultural Marketing Agreement Act.[2]

The case was tried by the court without a jury. The court made findings of fact, stated its conclusions of law thereon, and entered judgment dismissing the plaintiff's complaint on the merits. From this judgment, the plaintiff appeals.[3]

Maximum Price Regulation 280 fixed a ceiling for the sale of condensed skim milk. Section 1351.804 of this regulation provided as follows: "Relationship between minimum prices established by Federal marketing agreements, orders or licenses and maximum prices established herein. If the maximum price established for any seller by this Maximum Price Regulation No. 280 is below the minimum price established for him by any marketing agreement, order or license heretofore or hereafter to be issued by the Secretary of Agriculture, pursuant to the Agricultural Marketing Agreement Act of 1937, as amended,

[1] 56 Stat. 23, as amended by the Act of October 2, 1942, Pub.Law No. 729, 77th Congress, 2d Sess. c. 578, 50 U.S.C.A. Appendix, § 901 et seq.

[2] 50 Stat. 246, 7 U.S.C.A. § 601 et seq.

[3] The action as brought alleged damages in excess of $8,000. The plaintiff was able to prove overceiling sales to one party of $88.88 and sales to a larger dealer, on none too clear evidence, of $200. The defendant during the period had done more than a million dollars worth of business—a rather puny case to say the least.

such minimum price shall become the seller's maximum price." 7 Fed.Reg. 10144 (1942).

The plaintiff in his brief, referring to Federal Milk Marketing Order No. 41 which regulated the handling of milk in the Chicago Area, stated: "If that Order raised the minimum price of condensed skim milk above the maximum provided for by the Regulation, then the defendant was entitled to raise its prices."

The District Court found in Finding 5 that pursuant to Order No. 41 of the Milk Market Administrator, the price of skim milk to handlers such as the defendant was increased 14¢ a hundredweight which, pursuant to the formula used in said order, resulted in the equivalent of a 2¢ a pound increase in the skim milk solids. Condensed skim milk is the milk solids, at a certain density, which remain after the evaporation of the water from the skim milk.

The District Court therefore found the fact in Finding 5 which it held authorized the increase above the fixed ceiling because such increase to the defendant was brought about by the compulsion of the Agricultural Marketing Agreement Act. The plaintiff excepted to this construction of the court.

This Finding 5 was unchallenged by the plaintiff except as he sought to show by two letters that Order No. 41 did not fix the price of condensed skim milk. These letters were solicited by the Regional Chief of the Food Enforcement Section of the OPA from the Regional Attorney of the United States Department of Agriculture after the trial was over. The letters were attached to and made a part of the plaintiff's motion to amend Finding 5 and the conclusion of law thereon, or in the alternative as a showing of newly-discovered evidence to form the basis of a motion for a new trial. The motion for a new trial was never filed.

■ The District Court overruled the motion to amend Finding 5 on the basis of these letters. The court also overruled the motion to amend the Fifth Conclusion of Law that would have conformed the

conclusion of law to the proposed amended finding. That these letters were the sole basis for the plaintiff's contention that Order No. 41 did not fix the price to be charged for condensed skim milk is evident from the recitals in the motion to amend and in the plaintiff's brief. The District Court doubtless paid no attention to these letters, and rightly so. They were unsworn to, wholly ex parte and the purest of hearsay, and were tendered after the hearing was over; they expressed the opinion of an attorney for the Department of Agriculture.

One cannot read Order No. 41 and determine therefrom whether it had the effect of raising the price of condensed skim milk during the period in question. Order No. 41 fixed no prices in terms but provided a formula whereby milk is priced according to its use in one of four classifications. See Ogden Dairy Co. v. Wickard, 7 Cir., 157 F.2d 445.

■ As we said before, the District Court found on this rather voluminous record that Order No. 41 and the formula used therein did raise the price of skim milk solids or condensed skim milk 2¢ a pound, and that finding is unchallenged except by the incompetent and insubstantial letters above referred to, and it must stand as the finding of the court.

Since the court found that pursuant to the formula in Order No. 41 the price of condensed skim milk was raised above the maximum price provided by Maximum Price Regulation 280, the defendant was, as admitted by the plaintiff in its brief, entitled to raise its prices for condensed skim milk to the minimum that the Market Administrator had raised the price of such milk. If this price exceeded the existing ceiling, it was authorized by Section 1351.804 of Maximum Price Regulation 280. This was the construction placed upon the regulation by the District Court, and under the unchallenged findings we think this construction was authorized.

The District Court's application of this regulation to the findings in this cause was not erroneous, and the judgment is affirmed.